UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ROBERT MARCIONE, et al.       :
                              :
     v.                       :     C.A. No. 09-591ML
                              :
JAN CO., INC. d/b/a Burger King :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B); LR Cv 72(a)) is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Fed. R Civ. P. 12(c). (Document No. 23). Plaintiffs object. (Document No. 25). A hearing was held on June 10, 2010. For the reasons summarized below, I recommend that Defendant's Motion be DENIED.

**Background**

Plaintiffs, residents of Massachusetts, initiated this personal injury action in Rhode Island Superior Court in November 2009. Defendant, a Rhode Island corporation with its principal place of business in Rhode Island, removed the case to this Court on diversity grounds on December 7, 2009.

Plaintiffs allege that they were business invitees, i.e., customers, at Defendant's Burger King located in Fall River, Massachusetts on September 20, 2008. They further allege that "while getting up from the chairs and table that he and his wife, Lisa, were sitting at, Plaintiff Robert Marcione walked toward a tray stack/trash receptacle container provided by said Defendant to discard his trash and return his tray." (Document No. 1-1 at ¶ 5). As Plaintiff did so, he alleges he slipped and fell down causing injury to himself and that such fall was caused by Defendant's negligence in allowing

"slippery/greasy food items it sold to its customers to remain on the floor of its premises." Id. at ¶ 7. Although not specifically identified in the Complaint, the food item in question was apparently a chicken tender.

The instant Motion to Dismiss is directed only at Count II of Plaintiffs' Complaint which alleges liability based on the "mode of operation" approach to premises liability. In particular, Plaintiffs allege that the nature of Defendant's fast food restaurant gives rise to a substantial and reasonably foreseeable risk of injury to customers from slip and fall incidents. Id., ¶¶ 17-18. They also allege that Defendant has negligently failed to take adequate steps to prevent such incidents. Id., ¶¶ 19-20.

**Standard of Review**

A motion under Fed. R. Civ. P. 12(c) will "ordinarily warrant the same treatment" as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998). Under Rule 12(b)(6), Fed. R. Civ. P., the Court must construe the complaint in the light most favorable to the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation. See Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)). "The

complaint must allege 'a plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559). See also Iqbal, 129 S. Ct. at 1950 ("when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").

**Discussion**

Defendant argues that Plaintiff's negligence claim based on the "mode of operation" approach fails to state a viable claim. Specifically, Defendant contends that the "mode of operation" approach is limited to premises liability claims arising at self-service grocery stores and is inapplicable as a matter of law to fast food restaurants.

The parties agree that this diversity case is governed by Massachusetts law. In 2007, the Massachusetts Supreme Judicial Court ("SJC") adopted the "mode of operation" approach to premises liability in Sheehan v. Roche Bros. Supermarkets, Inc., 863 N.E.2d 1276 (Mass. 2007). In Sheehan, the plaintiff slipped and fell on a grape in a grocery store. The grapes in the store were "packaged in individually sealed bags, easily opened by the hand, and placed in a wicker basket" displayed in the Produce Department. Id. at 1279-1280. The lower court in Sheehan had applied the "traditional" approach to premises liability and granted summary judgment for the store owner because the plaintiff could not establish that the store owner had actual or constructive knowledge of the condition, i.e., the grape on the floor, that caused the plaintiff to slip and fall. Id. at 1279. The SJC reversed adopting the "mode of operation" approach and concluded that the store owner had notice of the inherent risks associated with the operation of its self-service grocery store. Id.

The "mode of operation" approach "removes the burden on the victim of a slip and fall to prove that the owner or the owner's employees had actual or constructive notice of the dangerous condition or to prove the exact failure that caused the accident." Id. at 1285. Instead, the plaintiff must prove that "an unsafe condition on an owner's premises exists that was reasonably foreseeable, resulting from an owner's self-service business or mode of operation, and the plaintiff slips as a result of the unsafe condition, the plaintiff will satisfy the notice requirement" for premises liability. Id. at 1286. Additionally, the plaintiff must prove that the premises owner "took inadequate steps to forestall resulting injuries." Id. at 1287. Simply put, the rationale behind the approach is that the owner of a self-service operation has actual notice that his chosen "mode of operation" creates certain reasonably foreseeable risks of harm to his customers related to spillage, breakage, etc. Id. at 1282-1283.

Defendant advocates for a narrow reading of Sheehan as limiting the "mode of operation" approach to its facts, i.e., slip and fall accidents occurring in self-service grocery stores. Plaintiffs counter that there is nothing in Sheehan limiting its reach to grocery stores and that its premise is equally applicable in the context of self-service, fast food restaurants such as Burger King. Neither side has identified any decisions specifically discussing the applicability of the "mode of operation" approach to fast food restaurants. Defendant argues that the Massachusetts courts have not, to date, applied the "mode of operation" approach to fast food restaurants and that to "suggest" that it should is "unreasonable." (Document No. 23-1 at p. 3). I disagree.

It is true that the "mode of operation" approach does not apply to all negligence cases or even all premises liability cases. See Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 91 n.5 (1st Cir. 2007) (declining to extend Sheehan to liquor liability case); Cote v. Guaranty Mgmt. Co., 25 Mass.

L. Rptr. 117, 2008 WL 7765262 (Mass. Super. Nov. 4, 2008) (deciding to extend Sheehan to slip and fall claim against building manager arising out of a fall on recently mopped floor in a bank branch); and Gurvich v. Stop & Shop Co., No. 0704774, 2009 WL 2506293 (Mass. Super. June 10, 2009) (declining to extend Sheehan to slip and fall claim against supermarket arising out of a fall on a wet spot on floor during a rain storm). However, the Massachusetts courts have never limited Sheehan to grocery store cases.[1] In fact, in Vincequere v. L.J.B. and Assocs., Inc. d/b/a Union Blues, 26 Mass. L. Rptr. 85, 2009 WL 3084254 (Mass. Super. Aug. 13, 2009), the court applied Sheehan to a slip and fall occurring at a nightclub. The court denied the nightclub owner's motion for summary judgment due to the existence of "a question of fact as to whether [the owner] created the type of self-service situation so as to make the mode of operation approach applicable." Id. at *2; see also Pittsley v. Saunstar Land Co., LLC, 70 Mass. App. Ct. 1102, 2007 WL 2580485 at *1, n.4 (Mass. App. Ct. Sept. 7, 2007) (describing the "mode of operation" approach articulated in Sheehan as applicable to "certain self-service, retail defendants" and not just grocery stores).

The narrow issue presented by Defendant's Motion is whether the "mode of operation" approach is inapplicable to slip and fall claims in fast food restaurants as a matter of Massachusetts law. As noted above, there is nothing contained in Sheehan expressing the SJC's intent to limit its holding to self-service grocery stores, and lower courts have applied it to other types of establishments such as a nightclub in the Vincequere case. Moreover, the premise of Sheehan logically extends to a self-service, fast food restaurant. For instance, the SJC in Sheehan found

---

[1] In Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 330 (Fla. 2001), the Supreme Court of Florida "conclude[d] that modern-day supermarkets, self-service marts, cafeterias, fast-food restaurants and other business premises should be aware of the potentially hazardous conditions that arise from the way in which they conduct their business." (emphasis added). See also Ventimiglia v. TGI Fridays, Inc., 33 Fla. L. Weekly D17, 980 So.2d 1087 (Fla. 4th DCA 2007) (discussing application of mode of operation approach to slip and fall claim against chain restaurant).

"persuasive" the idea that when a plaintiff is injured on the defendant's premises, "it is unjust to saddle the plaintiff with the burden of isolating the precise failure that caused an injury, particularly where a plaintiff's injury results from a foreseeable risk of harm stemming from an owner's mode of operation." 863 N.E.2d at 1284 (citation omitted). The SJC also noted that the approach "focuses on the reasonable foreseeability of a patron's carelessness" and the fact that customers are generally not as "careful and vigilant" as store owners in keeping items off of the floor. Id. at 1281-1282. Just as it is reasonably foreseeable that a customer might drop a grape on the floor while selecting (or sampling) grapes from a self-service display in a grocery store, it is equally foreseeable that a customer in a fast food restaurant might drop a food item on the floor while transporting (or sampling) food on a self-service tray while walking to or from his table. To draw a legal distinction between these two retail modes of operation for premises liability purposes would be arbitrary and is unsupported by current Massachusetts premises liability law. Accordingly, Defendant has failed to meet its burden under Fed. R. Civ. P. 12(c) of establishing that Count II of Plaintiffs' Complaint (Negligence – Mode of Operation Approach) fails to state a legally viable claim for relief under Massachusetts law and its Motion to Dismiss should be DENIED.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (Document No. 23) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States

v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 15, 2010